IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD D. GEORGE PLAINTIFF

v. Civil No. 4:08-cv-04056

SHANNON TUCKER, Public Defender;
JUDGE KIRK JOHNSON, Miller County;
BRENT HALTOM, Prosecuting Attorney DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Richard D. George (hereinafter "George"), currently an inmate in the Arkansas Department of Correction, East Arkansas Regional Unit, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2005), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. The case is before me for a determination of whether service of process should issue.

**BACKGROUND**

According to the allegations of the complaint (Doc. 1) and supplement (Doc. 6), George is being charged with an offense that was to be "brought together" with another offense in June of 2003. He maintains the statute of limitations has run on the offense. He indicates he was so advised of this in 2007 by attorney Wayne Dowd.

According to George, in 1999 he was charged in Arkansas with theft by receiving and placed on five years probation. On May 13, 2003, George indicates he was arrested on a probation violation charge in Texas. He states he was sentenced to two years in the Texas Department of Correction (TDC). At the time, George states he still had one year of probation to serve on the Arkansas theft

by receiving charge. George indicates his lawyer was supposed to have the one year of probation from the 1999 charge added to the TDC time. Before he signed the papers for the TDC time, George states he was told the Arkansas probation time had been "added." Now he states he is again being charged for this time.

George alleges that each Defendant is trying to sentence him to a term of imprisonment of twenty years in the Arkansas Department of Correction (ADC). George indicates he went to court on the old charge on May 27, 2008. George indicates his "paid attorney" was not there at the time. George asked for a continuance and his request was denied but he was appointed a public defender, Shannon Tucker. George then states he was sentenced to twenty years in the ADC.

George also asserts the probation revocation hearing was not held in a timely manner. He states it was not held for fourteen months.

**DISCUSSION**

George's claims are subject to dismissal. First, Judge Kirk Johnson is immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.

*See Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

George does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent George seeks injunctive relief his claims are subject to dismissal.

Second, public defender Tucker is not subject to suit under § 1983. A § 1983 complaint must allege that each Defendant, acting under color of state law, deprived Plaintiff of "rights, privileges

or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *See DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Tucker was not acting under color of state law while representing George in his probation revocation proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 318, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Third, prosecuting attorney Brent Haltom is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the Defendant deputy prosecuting attorney is entitled to absolute immunity. *See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

To the extent George's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a Plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. George can make no such showing here. Further, injunctive relief is not appropriate where an

adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Finally, to the extent George seeks to challenge his conviction on the probation revocation charge, the claim is not presently cognizable under § 1983. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. George's conviction has not been reversed, set aside, or otherwise be held to be invalid. He therefore cannot assert claims based on that conviction.

**CONCLUSION**

I therefore recommend that George's claims be dismissed on the grounds that the claims are frivolous, fail to state claims upon which relief may be granted, and seek relief against Defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action may be dismissed on such grounds at any time).

I note that George has a post script written at the bottom of one page of his complaint mentioning a torn rotator cuff and a missed doctor's appointment. At the time, George was incarcerated at the Miller County Detention Center. If George contends he was denied adequate medical care while incarcerated at that facility, he should file an action asserting that claim against

the individuals he believes are responsible. The Defendants named in this lawsuit were not involved in, or responsible for, his medical care at the Miller County Detention Center.

**George has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. George is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of September 2008.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE